SHERMAN ET AL. *v.* UNITED STATES.

No. 14.   Argued October 30, 1930.—Decided November 24, 1930.

*Mr. Karl D. Loos,* with whom *Messrs. Leon E. Morris* and *Edward M. Jaffa* were on the brief, for Sherman et al.

*Assistant to the Attorney General O'Brian,* with whom *Solicitor General Thacher, Messrs. Charles H. Weston,*

26

*James Maxwell Fassett* and *William G. Davis,* Special Assistants to Attorney General, and *Paul D. Miller* were on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This case comes here on a certificate of questions of law from the judges of the Circuit Court of Appeals for the Ninth Circuit. Subsequently the entire record was brought up, but the facts sufficiently appear in the certificate and both they and the questions may be abbreviated here. The suit is brought by the United States against the appellants by name, described as 'constituting the Board of State Harbor Commissioners of the State of California, operating The State Belt Railroad,' to recover penalties for alleged breaches of the Safety Appliance Acts. March 2, 1893, c. 196, 27 Stat. 531; April 1, 1896, c. 87, 29 Stat. 85; March 2, 1903, c. 976, 32 Stat. 943; April 14, 1910, c.

160, 36 Stat. 298.   U. S. Code, Tit. 45, §§ 1, 2, 6, 8, 11, 12, 13, 16.   The penalties are imposed upon 'any common carrier engaged in interstate commerce by railroad,' and the broad question is whether the defendants are liable under the Acts.

The matters complained of occurred upon what is known as the State Belt Railroad.   The road is about five miles long, within the City of San Francisco, runs nearly parallel with the water front of the harbor, and connects many industrial plants and the line of the Southern Pacific Railroad Company with wharves belonging to the State and through the wharves with other common carriers engaged in interstate commerce by railroad.   It may be assumed that the work done upon the Belt Line was interstate commerce.   But the line belongs to and is operated by the State; the work is done without profit for the purpose of facilitating the commerce of the port, and the funds received after paying expenses go to the Treasury of the State to the credit of the San Francisco Harbor Improvement Fund.   California has not gone into business generally as a common carrier, but simply has constructed the Belt Line as an incident of its control of the harbor—a State prerogative.   Cal. Political Code, § 2524. The defendants are officers of the State charged with the administration of the Harbor of San Francisco and of the State Belt Railroad in connection therewith.   They had no hand in or knowledge of the alleged violations of law, the immediate supervision being the duty of an inspector appointed by them, and his subordinates being Civil Service employees of the State.

On these facts in our opinion the statute, if it applies to anyone, can apply only to the State.   The suit is not to recover damages for a tort, which, if a wrong on the part of the master, is at least equally a wrong on the part of the servant who personally is guilty of the act or omission that caused the harm.   Here the suit is for a penalty attached to an offence—and the only party on whom the

liability is imposed is the common carrier. The statute is not like the Hours of Service Act of March 4, 1907, c. 2939, § 3, 34 Stat. 1415; Code, Title 45, § 63; that in terms extends the liability to officers and agents. It seems to us plain that as between the Board of Harbor Commissioners and California the carrier here is the State, by which it is agreed that the Road was owned and operated, which received such pay as was required for the work that was done, and which did the work for the purpose of facilitating the commerce of its principal port. The principal and its agents cannot both be the common carriers aimed at. One is and the other is not subjected to the penalty. One is superior, the other inferior. The superior is the one that operated the road and the one whose commands the others were bound to obey.

The suit is brought against the appellants individually. This is conceded by the Government and sufficiently appears from the declaration and from the judgment against them by name, entered after they had ceased to be members of the Board. Manifestly if we are right in what we have said the judgment is wrong and we are relieved from the duty of considering whether the Safety Appliance Act should be construed to embrace the State.

An answer to other questions proposed is unnecessary because of our conclusion that the judgment against the defendants cannot be sustained.

*Judgment reversed.*