## CALIFORNIA *v.* LATIMER ET AL.

No. 13, Original. Argued November 7, 1938.—Decided December 5, 1938.

*Mr. Lucas E. Kilkenny,* Deputy Attorney General of California, with whom *Messrs. U. S. Webb,* Attorney General, *H. H. Linney* and *James J. Arditto,* Deputy Attorneys General, were on the brief, for complainant.

*Mr. Warner W. Gardner,* with whom *Solicitor General Jackson, Assistant Attorney General Arnold, Assistant Attorney General Morris,* and *Messrs. Sewall Key, John J. Abt, Arnold Raum,* and *Lester P. Schoene* were on the brief, for defendants.

Mr. Justice Brandeis delivered the opinion of the Court.

California owns the railroad along the San Francisco water front known as State Belt Railroad, and operates it in interstate commerce. *Sherman* v. *United States,* 282 U. S. 25; *United States* v. *California,* 297. U. S. 175. On leave granted, the State filed in this Court this bill against the members of the Railroad Retirement Board and the Commissioner of Internal Revenue, individually and in their official capacities, to enjoin them from enforcing against that railroad provisions of the Acts of Congress known as the Railroad Retirement Acts of 1935 and 1937 [1] and of the Carriers Taxing Act of 1937.[2]

The bill recites that California has a State Employees' Retirement system sustained by a fund to which the State and its employees contribute; and that all the persons employed in the operation of State Belt Railroad are members of that retirement system and are entitled to pensions thereunder, unless they are members of a retirement system supported wholly, or in part, by funds of the United States; that the three Acts of Congress named have for their sole purpose the establishment of a pension system of annuities and other benefits for employees of interstate railroads; and that the federal system is sustained by taxes imposed by the Carriers Taxing Act. The bill asserts, apparently, that as a matter of statutory construction, the federal system is not applicable to the employees of State Belt Railroad; and apparently that if construed as applicable to them, the legislation is unconstitutional. The bill charges that the Railroad Retirement Board has threatened to require the complainant to gather and keep records concerning the

[1] Act of August 29, 1935, c. 812, 49 Stat. 967, as amended June 24, 1937, c. 382, Part I, 50 Stat. 307, 45 U. S. C., § 228a-r (1937 Supp.).

[2] Act of June 29, 1937, c. 405, 50 Stat. 435, 45 U. S. C., §§ 261-73 (1937 Supp.).

employees of the State Belt Railroad, which would subject it "to great expense"; and that the Board "will enforce against the complainant, its officers, agents, and employees certain penalties if it refuses" to do so. The bill charges, also, that the Commissioner of Internal Revenue has threatened to enforce taxes, under the Carriers Taxing Act, and will subject it to heavy fines and penalties if it fails to pay the same. The relief prayed is that the three Acts of Congress be declared inapplicable to State Belt Railroad; that the members of the Railroad Retirement Board be enjoined, among other things, from requiring the railroad to assemble and furnish the information requested; and that the Commissioner of Internal Revenue be enjoined from enforcing collection of the taxes claimed.

The defendants moved to dismiss the bill, assigning therefor nine grounds. We need consider only the objection that the bill is without equity.[3] For we are of opin-

---

[3] This objection was the basis of two of the reasons given in support of the motion to dismiss. The other seven are: (1) The individual citizenship of defendants can form no basis for the original jurisdiction of the Court. The defendants can and will act only as officials of the United States; and as officials they are citizens of no state. (2) The Collector of Internal Revenue for the First District of California and the employees of the State Belt Railroad have not been joined as defendants. They are indispensable parties in whose absence the Court should not proceed. (3) The cause is not maintainable in this Court, since the Collector of Internal Revenue for the First District of California, a citizen of California, should be made a party, and to join him would deprive the Court of original jurisdiction. (4) The cause is not maintainable in this Court, since the employees of the State Belt Railroad, citizens of California, should be made parties, and to join any of them would deprive the Court of original jurisdiction. (5) Maintenance of the suit is prohibited by Section 3224 of the Revised Statutes. (6) The United States is the real party in interest and hence an indispensable party. (7) The issues presented by complainant have been clearly decided against it by previous decisions of this Court, and a re-examination of those contentions would serve no useful purpose.

ion that there was adequate opportunity to test at law the applicability and constitutionality of the Acts of Congress; and that no danger is shown of irreparable injury if that course is pursued.

*First.* The alleged threat of the Railroad Retirement Board to require State Belt Railroad to gather and keep records of its employees does not expose it to irreparable injury. The Railroad Retirement Act of 1937 provides:

"Sec. 8. Employers shall file with the Board, in such manner and form and at such times as the Board by rules and regulations may prescribe, returns under oath of monthly compensation of employees, and, if the Board shall so require, shall furnish employees with statements of their monthly compensation as reported to the Board. . . .

"Sec. 10 (b) 4. . . . The Board shall have power to require all employers and employees and any officer, board, commission, or other agency of the United States to furnish such information and records as shall be necessary for the administration of such Acts. The several district courts of the United States and the District Court of the United States for the District of Columbia shall have jurisdiction upon suit by the Board to compel obedience to any order of the Board issued pursuant to this section . . ."

"Sec. 13. Any officer or agent of an employer . . . who shall willfully fail or refuse to make any report or furnish any information required, in accordance with the provisions of section 10 (b) 4, by the Board . . . shall be punished by a fine of not more than $10,000 or by imprisonment not exceeding one year."

The only "threats" made against the complainant in connection with these sections is a ruling by the Railroad Retirement Board that the State Belt Railroad is subject to the Railroad Retirement Acts. No specific action in relation to that railroad appears to have been taken

by the Board.[4] Regulations have been prescribed under §§ 8 and 10 which are simple and of a type which can be complied with largely by transcriptions from payrolls.[5] The bill alleges that compliance with the regulations would subject the State "to great expense." No supporting detail or specification is given. Such a general statement is not an adequate basis for relief on the ground of irreparable damages.[6] The trifling expense of temporarily complying with the regulation until the applicability of the Act shall have been judicially determined, like the expense of the administrative hearings complained of in *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U. S. 41, 50, 51, and *Petroleum Exploration, Inc.* v. *Public Service Comm'n*, 304 U. S. 209, 220, 221, is not sufficient to support the claim of irreparable injury indispensable to interposition by injunction. Compare *Spielman Motor Sales Co.* v. *Dodge*, 295 U. S. 89, 95, 96.

Moreover, the Board is without power to enforce its regulations except by resort to legal proceedings, as provided in § 10 (b) 4; and in any suit which it may institute to enforce the regulations [7] ample opportunity is afforded to defend, on the ground that State Belt Railroad is not subject to the Railroad Retirement Acts. It is contended

---

[4] Compare *Dalton Adding Machine Co.* v. *State Corporation Comm'n*, 236 U. S. 699, 701; *Continental Baking Co.* v. *Woodring*, 286 U. S. 352, 367–68; *State Corporation Comm'n* v. *Wichita Gas Co.*, 290 U. S. 561, 568–69.

[5] 3 Federal Register, p. 22 *et seq.* (promulgated December 31, 1937), 3 Federal Register, p. 218 (promulgated January 17, 1938), in effect at the time leave to file the bill of complaint was granted, May 16, 1938, later superseded by 3 Federal Register, pp. 1478, 1493 *et seq.*, Part 50 (promulgated May 31, 1938).

[6] Compare *Shelton* v. *Platt*, 139 U. S. 591, 596; *Cruickshank* v. *Bidwell*, 176 U. S. 73, 81; *Indiana Mfg. Co.* v. *Koehne*, 188 U. S. 681, 690; *Boise Artesian Water Co.* v. *Boise City*, 213 U. S. 276, 285.

[7] Compare *Cavanaugh* v. *Looney*, 248 U. S. 453; *Fenner* v. *Boykin*, 271 U. S. 240; *Hurley* v. *Kincaid*, 285 U. S. 95.

that the possible penalty, in case of a prosecution under § 13, is so serious as to prevent the opportunity to defend from being an adequate remedy. Compare *Ex parte Young*, 209 U. S. 123, 165. No prosecution has been instituted or threatened. And authority to institute such a proceeding rests not with the Railroad Retirement Board, but with the United States Attorney for the Northern District of California, who is not made defendant in this suit.[8] Furthermore, it may be doubted whether a refusal to comply with the regulation would be deemed willful, if based on an honest belief that the Act is not applicable to a railroad operated by the State. Compare *United States* v. *Murdock*, 290 U. S. 389, 394–396.

*Second.* The alleged threat of the Commissioner of Internal Revenue to require payment of the tax does not show danger of irreparable injury. The only threat alleged is the ruling that the Carriers Taxing Act is applicable to this railroad—a ruling made in answer to an enquiry by the Attorney General of the State. The tax for the year is $7,862.32 payable by the State Belt Railroad; and an equal amount payable by the employees to be deducted by it from their compensation. Payment of the tax would not expose the State to irreparable injury,[9] since the amount paid with interest could be recovered if not due. Payment followed by proceedings to recover the amount would involve some delay, as an action at law to recover the sum paid could not be instituted until six months after making the claim for refund, if the Commissioner should fail to act earlier upon it.[10] Such possible delay, it is urged, is a special circumstance which justifies resort to a suit for an injunction in order that the ques-

---

[8] Compare *Federal Trade Comm'n* v. *Claire Furnace Co.*, 274 U. S. 160, 173–74; *Philadelphia Co.* v. *Stimson*, 223 U. S. 605, 620–22.

[9] *Dows* v. *Chicago*, 11 Wall. 108. See also cases in Note 6.

[10] R. S. § 3226, as amended by § 1103, Revenue Act of 1932.

tion of liability may be promptly determined. If the delay incident to such proceedings justified refusal to pay a tax, the federal rule that a suit in equity will not lie to restrain collection on the sole ground that the tax is illegal,[11] could have little application. For possible delay of that character is the common incident of practically every contest over the validity of a federal tax.

It is urged that in order to raise the money with which to pay the State's portion of the tax, it would be necessary to readjust the tariffs of State Belt Railroad; and that the deduction of the employees' portion from the payroll would result in a multiplicity of suits by employees to recover the amounts and to reëstablish their rights and privileges under the laws of the State. The meagre statements of the bill do not convince us that the apprehension alleged is well founded. The State Employees Retirement Act also requires the State Belt Railroad to make deductions from the salaries of its employees. The bill does not show the precise relationship between the amounts required to be deducted by the state and federal acts, or even, if the amount of the federal deduction is greater, that it is impossible for the State Belt Railroad to work out with its employees a way of adjusting its affairs during the period of uncertainty as to which act is applicable. Mere inconvenience to the taxpayer in raising the money with which to pay taxes is not uncommon, and is not a special circumstance which entitles one to resort to a suit for an injunction in order to test the validity or applicability of the tax. For aught that appears prompt payment of the tax and claim of refund would have led to an early determination of the liability here contested.

*Bill dismissed.*

---

[11] See cases under Note 6.