### ANDERSON et al. v. SCHWELLENBACH et al.

#### Civ. No. 26122–S.

District Court, N. D. California, S. D.

Feb. 13, 1947.

Lillick, Geary, Olson & Charles (by Ira S. Lillick), Gilbert C. Wheat, and Harry L. Haehl, Jr., all of San Francisco, Cal., for plaintiffs.

Frank J. Hennessey, U. S. Atty., and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., William S. Tyson, Sol., U. S. Department of Labor, of Washington, D. C., and Dorothy M. Williams, Regional Atty., of San Francisco, Cal., U. S. Department of Labor, for defendants.

Before HEALY, Circuit Judge, and ROCHE and HARRIS, District Judges.

PER CURIAM.

The Walsh-Healey public contracts act[1] sets up certain basic labor standards for the governance of employers who obtain contracts subject to its provisions. The prescribed standards pertain to minimum wages, overtime compensation, non-employment of child and convict labor, and observance of certain health and safety requirements. These standards are required to be incorporated into the contracts. Administration of the act is entrusted to the Secretary of Labor who is authorized to make investigations and findings or to delegate these functions to representatives. Among other sanctions the act provides that violation of its standards renders the contractor liable to the United States for liquidated damages in the sum of $10 per day for each infringement of the child and convict labor standards and a sum equal to the amount of underpayments for violation of the minimum wage and overtime standards. Sums due the Government by reason of such violations may be withheld from any amounts owing on such contracts or may be recovered in suits brought by the Attorney General in the name of the United States. Moneys recovered are distributable to the employees affected.

The Secretary is empowered to make rules and regulations necessary to carry out the provisions of the act. The rules of practice promulgated provide for an administrative hearing before a trial examiner who is to make findings of fact and recommendations as to the disposition of the case. The parties are given the right to file exceptions to the report with the Administrator of the Wage and Hour and Public Contracts Divisions, who must consider the exceptions and issue a written decision. The regulations provide for a discretionary review by the Secretary of the Administrator's decision. The ultimate administrative determination affords the basis for the withholding of sums or the institution of suit by the Government.

Plaintiffs were awarded contracts with the United States falling within the terms of the act. In January 1946 the Secretary issued a complaint alleging overtime, child labor, and record-keeping violations on their part. Hearings before a trial examiner followed; and pending an adjournment for the taking of further testimony plaintiffs instituted this action seeking to enjoin the administrative proceedings upon the ground that the act is repugnant to the constitution of the United States in that it is said to deprive plaintiffs of the right to trial by jury. The attack is upon a provision of § 5 prescribing that the administrative findings "shall be conclusive upon all agencies of the United States, and if supported by the preponderance of the evidence, shall be conclusive in any court of the United States." The argument is that the pending proceedings are predicated upon an action at common law, namely, an alleged breach of contract, in which actions the Seventh Amendment preserves the right of

jury trial in all cases where the value in controversy exceeds $20. A three-judge court was assembled, and the matter has been submitted on issues of law framed by the complaint and answer.

Several distinct defenses are interposed. It is urged that this is a suit against the United States, not consented to by it; that plaintiffs have an adeqate remedy at law and are therefore not entitled to injunctive relief; and that they have failed to exhaust their administrative remedies. It is further contended, on the merits, that the right to a jury trial preserved by the Seventh Amendment is inapplicable to proceedings before administrative tribunals designated by Congress to carry out regulatory measures unknown to the common law.

■ Whether plaintiffs' action is a suit against the United States we need not inquire. We think it clear that the remedy at law is adequate, and are further persuaded that plaintiffs have not exhausted their administrative remedies.

■ If, as the result of the findings and report in the administrative proceeding, suit is brought to recover the damages found due, the plaintiffs will have opportunity to raise the constitutional point urged. The same will be true in the event plaintiffs are themselves placed under the necessity of suing in consequence of the withholding by the Government of sums due on the contracts. Hence an adequate remedy at law is available, and equity will not intervene. 28 U.S.C.A. § 384. Consult Coffman v. Breeze Corporations, Inc., 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264; Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796; Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637; Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763; Schoenthal v. Irving Trust Co., 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185; Arkansas Building Association v. Madden, 175 U.S. 269, 20 S.Ct. 119, 44 L.Ed. 159; Petroleum Exploration v. Public Service Commission, 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294. Again, it may well turn out that plaintiffs will neither be sued nor put under the necessity of suing. They may be satisfied to pay such damages as are found due, or it may be that the findings in the administrative proceeding will exonerate them from any violation of the act. It is settled law that no person is entitled to judicial relief for a supposed or threatened injury until he has exhausted the prescribed administrative remedies. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman S. S. Corp., 327 U. S. 540, 66 S.Ct. 712; California v. Latimer, 305 U.S. 255, 59 S.Ct. 166, 83 L.Ed. 159; Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408; Petroleum Exploration v. Public Service Commission, supra; Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646; Natural Gas Pipeline Co. v. Slattery, 302 U.S. 300, 58 S.Ct. 199, 82 L. Ed. 276; Miles Laboratories, Inc. v. Federal Trade Commission, 78 App.D.C. 326, 140 F.2d 683, certiorari denied 322 U.S. 752, 64 S.Ct. 1263, 88 L.Ed. 1582; Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208. There exists, at this juncture, no compelling need for anticipating the constitutional question presented; and we are admonished that the constitutionality of an act of Congress ought not be ruled upon "unless such adjudication is unavoidable." Alma Motor Co. v. Timken-Detroit Axle Co., 67 S.Ct. 231, 234.

It is ordered that the action be dismissed.