270

**STRADLEY v. GLENN, Collector of Internal Revenue.**

**Civ. A. No. 1925.**

United States District Court
W. D. Kentucky, at Louisville.

Jan. 18, 1951.

Marvin J. Sternberg, Louisville, Ky., for plaintiff.

Chas. F. Wood, Asst. U. S. Atty., David C. Walls, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

Plaintiff filed this action against the Collector of Internal Revenue in this District, seeking—

1. An injunction restraining the Collector from in any way collecting or attempting to collect or enforce payment of an assessment of tax made by the Commissioner against plaintiff, under the provisions of Section 1700(e), Title 26 U.S.C.A. referred to here as the Cabaret Tax.

2. For a determination by the Court that the plaintiff is not now and was not at the time covered by the assessment, operating any place or business or conducting a business operated by her during the period covered by the assessment in such way as to be subject to the Cabaret Tax, and—

3. That the lien notice of the assessment filed by the Collector be cancelled, set aside and held for naught.

The Collector filed a motion to dismiss the complaint on the grounds that same did not state a cause of action upon which relief could be granted.

Counsel for the Collector urges in support of his motion—

1. That the suit is prematurely brought.

2. Plaintiff has failed to meet the prerequisites necessary to bring herself within the exception of Section 3653(a) of Title 26 U.S.C.A.

■ A decision on defendant's motion to dismiss requires that the factual allegations of the complaint be taken as true.

The complaint alleges in substance, that the plaintiff is the owner and operator of a grocery and bar and in connection therewith provides a room "which is wholly undecorated, and furnished with the most inexpensive tables and chairs, and wholly without any atmospheric decorations, where persons may sit and enjoy their food and beverages rather than stand at a bar in an adjacent room or sit in their cars and consume their purchases"; that plaintiff has

not provided a special dance floor, but that customers and patrons at her place of business may dance and do dance, by removing tables from the center of the room, in which room a nickelodeon is provided by plaintiff, which furnishes music for dancing, except on Saturday and Sunday nights, when plaintiff furnishes instrumental music. No admission is charged to the room where dancing is had, but a charge is made for food and drinks consumed in the dance room; that the price of food and drinks in the dance or dining room, is the same except on Saturdays and Sundays, when soft drinks, ordinarily sold for five cents, are sold for ten cents and bottle beer is sold for twenty cents, which is a five cent increase over the price for beer at other times; that patrons in the bar room are not permitted to go to or from that room into the dining room or dance room and customers in the dance room are not permitted to go into the bar room, and that customers in either the bar room or dining room could not see into the other room, because of a hallway eight and one-half feet long by five feet with a swinging door at one end, which separates the bar and the dining room and that this arrangement prohibits a view from one room into the other.

It is alleged that on October 13, 1949, she was notified by the Collector that an assessment had been made against her for a Cabaret Tax for the period from and including April 1945 through July 1949, which, with the penalties and interest, aggregated $6,385.35; that on October 26, 1949, the Collector notified plaintiff that an assessment, aggregating with penalties and interest $129.22, had been made for the period of August 1949; that pursuant to Section 3672, Title 26 U.S.C.A., the defendant had filed in the office of the County Clerk of Jefferson County notice of liens against the property of the plaintiff; that on November 9, 1949, she filed with the defendant claim for abatement of the foregoing taxes, which on May 8, 1950, the Commissioner of Internal Revenue rejected.

The foregoing substantially states the facts with respect to the assessment of the taxes and the recording of the liens, which,
plaintiff says, attach to the real estate owned by her and in which she conducts her business.

For the purpose of avoiding the prohibition contained in subsection (a) of Section 3653, Title 26, which provides—"Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court", plaintiff alleges that her husband, Homer J. Stradley, was formerly employed by the L. & N. Railroad, by whom he has been pensioned, because of ill health, and that neither the plaintiff nor her husband is able to do strenuous or arduous work, she being fifty-six years of age and her husband sixty years of age; that her husband assists plaintiff in conducting the business and that if she is compelled to pay the tax, interest and penalties assessed against her by the Commissioner of Internal Revenue, it will be necessary that she and her husband sell and dispose of all their property, which would result in her and her family being without a place to live and without sufficient means to provide a livelihood for herself and husband; that she is without sufficient funds to pay the tax and is unable to borrow or secure the funds with which to pay the assessments.

The foregoing are substantially the allegations with respect to plaintiff's effort to come within the hardship exemption of Section 3653(a) of Title 26 U.S.C.A.

It is alleged that the assessment was erroneous, arbitrary and capricious.

Judge Kloeb, in National Exchange Club v. Reams, 4 F.R.D. 151, 152, said—"The inevitable result of an attempt upon the part of the Courts to amend the positive prohibitions of an express statute is to bring about confusion in attempts to define and discern in accordance with the exceptions designated by the Courts."

In that case, it is stated by Judge Kloeb, that the ultimate purpose of a plaintiff seeking to restrain the collection of a tax on the ground that the alleged tax is erroneous or illegal is to prevent collection of the tax until the question of legality can be determined and in order to effect his

272

purpose, the pleader must employ superlatives sufficiently numerous and strong to bring the case within the exceptions prescribed by the Courts and that once this is done, plaintiff has attained his objective, has secured a restraint on the collection of the tax, and thereby circumvented the express provisions of the statute.

In Reams v. Vrooman-Fehn Printing Company, 6 Cir., 140 F.2d 237, 242, the Court of Appeals of this Circuit, in discussing Section 3653(a) said—"The Internal Revenue Code provides a reasonable method for a taxpayer to have a legal determination of his taxable condition under excise tax laws and injunctive relief against the payment of such taxes should be denied in all cases where the taxpayer has not been vigilant in prosecuting his remedies at law, even though it is made to appear that a heavy burden has been imposed on the taxpayer by the delay of the government officials in seeking him out and demanding payment of past due taxes."

In the Reams case, supra, two former cases—Midwest Haulers v. Brady, 6 Cir., 128 F.2d 496 and John M. Hirst & Co. v. Gentsch, 6 Cir., 133 F.2d 247, were distinguished and the Court there held on the authority of State of California v. Latimer, 305 U.S. 255, 59 S.Ct. 166, 83 L.Ed. 159, that hardship in raising money with which to pay taxes is now common to all taxpayers, but this is not a special circumstance conferring equity jurisdiction on the courts to prevent collection by injunctive process.

It is to be noted that in the Midwest Haulers case, the tax involved was assessed against Midwest because of a subcontractor's failure to pay certain taxes.

Plaintiff relies upon Mazzella v. Yoke, D. C., 70 F.Supp. 462, and that case also involved a tax assessed against a property owner by reason of tax liability of a lessee's operation of the business involved.

[2] It is therefore the opinion of the Court that the allegations contained in the complaint are insufficient to bring plaintiff within the requirements of the exceptions to Section 3653(a) of Title 26 U.S.C.A. and that no injunction is proper.

Although it may be unnecessary to determine the legality of the tax involved, it is fair to say that in view of the recent opinions of two Courts of Appeals—Avalon Amusement Corporation v. United States, 7 Cir., 165 F.2d 653 and Birmingham v. Geer, 8 Cir., 185 F.2d 82, 87, the business as conducted by plaintiff is subject to the tax provided for by Section 1700(e) of Title 26.

In the case of Birmingham v. Geer, supra, the Court said—"Both (dance halls and cabarets) provide dancing facilities for and sell refreshments to their patrons. Whereas one caters to lavish spenders and makes the dancing privilege a mere incident to the charge for refreshment, the patrons of the other pay directly for the dancing privilege and incidentally spend frugally for refreshment. The business of both is to provide public performance with dancing."

It will be noted that Section 1700(e) provides that the term "roof garden, cabaret, or other similar place" shall include any room * * * or other public place where music and dancing privileges * * * are afforded the patrons *in connection with* the serving or selling of food, refreshment, or merchandise, and that a performance is regarded as being furnished for profit even though the charge made for admission, refreshment, service, or merchandise is not increased by reason of the furnishing of such performance.

It is therefore the opinion of the Court that plaintiff's complaint fails to state facts sufficient to authorize an injunction.

From the facts set forth in the complaint, it may be that after the payment of the tax and in an action, pursuant to the requirements of the law, brought against the Collector to recover the tax, that plaintiff would be liable only for the percentage of the total receipts of her business represented by the receipts and merchandise sold in the room designated as the dance room. That question cannot be determined in this proceeding, because of plaintiff's failure to proceed in the manner provided by the Statute.

An order is this day being entered sustaining the motion to dismiss filed by the Government and dismissing plaintiff's action.