**Jacob ROSNER**

v.

**Edgar A. McGINNES, Dist. Dir. of Int. Rev.**

**Louis PRINCE**

v.

**Edgar A. McGINNES, Dist. Dir. of Int. Rev.**

**Civ. A. Nos. 24218, 24219.**

United States District Court
E. D. Pennsylvania.

Sept. 3, 1958.

Benjamin F. Kivnik, Philadelphia, Pa., for plaintiffs.

Harold K. Wood, U. S. Atty., and Henry P. Sullivan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

LEAHY, District Judge.

Plaintiffs seek to restrain a collection of penalties for failure to pay withholding taxes from Allentown Trade School, Inc., and Reading Trade School, Inc. The question is precise: can an action be had to enjoin assessment of a penalty under § 2707(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 2707(a), or is it prohibited by § 7421(a) of the Internal Revenue Code of 1954, 26 U.S. C.A. § 7421(a). The government moves to dismiss.

The paper record discloses these facts. An assessment of 100% penalty was made against the responsible plaintiff corporate officers for wilfully failing to account and pay taxes withheld from the employees of the two corporations. Plaintiffs believe these assessments were made under § 6672 of the 1954 Code, 26 U.S.C.A. § 6672. They were, in fact, made under § 2707(a) of the 1939 Code. The assessments are $4,503.31 for 1949–52 for Prince, and $3,675.69 for Rosner. Plaintiffs claim lack of willfulness in failing to account for such taxes. They say such funds never came into their possession. They also complain a levy to support collection of the taxes will result in irreparable damage to them.

1. § 7421(a) of the Internal Revenue Code of 1954 (formerly § 3653 (a) of the 1939 Code, etc.) says no suit against assessment can be maintained. Against such suits to enjoin,

the inflexible application of the statute was noted in the In re State Railroad Tax Cases, 92 U.S. 575, 23 L.Ed. 663. See, too, Burke v. Mingori, 10 Cir., 128 F.2d 996; and Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237; Cadwalader v. Sturgess, 3 Cir., 297 F. 73; John J. Casale, Inc., v. Pedrick, D.C. S.D.N.Y., 72 F.Supp. 848; Headley v. Knox, D.C.Minn., 133 F.Supp. 36; McAllister v. Dudley, D.C.W.D.Pa., 148 F. Supp. 548.

2. Plaintiffs' reliance on Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061, and Schenley Distillers, Inc., v. Bingler, D.C., 145 F.Supp. 517 is not well taken. They did not involve penalties, but, rather, dealt with fines. No special circumstances are indicated in the record to bring plaintiffs beyond the ken of the prohibition of § 7421 of the Internal Revenue Code of 1954. In fact, unusual circumstances look to 1. assessments which are illegal and 2. inability to pay the tax. To pay the tax and sue for refund is the adequate remedy at law. Erroneous assessment is not ground for equitable injunctive relief. Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901; State Railroad Tax Cases, supra. Inability to pay the tax working a hardship is not adequate grounds for the arm of equity to reach out against the Government. Red Star Yeast & Products Co. v. LaBudde, 7 Cir., 83 F.2d 394; Huston v. Iowa Soap Co., 8 Cir., 85 F. 2d 649, 108 A.L.R. 173, certiorari denied 299 U.S. 594, 57 S.Ct. 119, 81 L.Ed. 437; Burke v. Mingori, 10 Cir., 128 F. 2d 996; Ohio State Nurses' Ass'n v. Busey, 6 Cir., 120 F.2d 11.[1]

3. More than that, the government has filed liens to protect the collection of the taxes. Hence the United States is not only a necessary but an indispensable party to this action for equitable relief.[2] Defendant's motion to dismiss will be granted. An order may be submitted.

---

1. See the Court in Reams v. Vrooman-Fehn Printing Co., supra, 140 F.2d at pages 241–242:
   "Hardship in raising money with which to pay taxes is now common to all taxpayers, but this is not a special circumstance conferring equity jurisdiction on the courts to prevent collection by injunctive process. State of California v. Latimer, 305 U.S. 255, 262, 59 S.Ct. 166, 83 L.Ed. 159."

2. Sidbury v. Gill, D.C., 102 F.Supp. 483; Stafford Mills v. White, D.C.Mass., 41 F.2d 58; Czieslik v. Burnet, D.C.E.D. N.Y., 57 F.2d 715.