**WASHINGTON BOARD OF TRADE,** Eckington Building Supply Co., Monaghan-Randels, Inc., Cafe Burgundy, Inc., Robert R. Swarthout, Appellants,

v.

Robert E. McLAUGHLIN, David B. Karrick, Col. A. C. Welling, Clement F. Preller, and Thomas W. Brahany, As Members of the District of Columbia Unemployment Compensation Board, and James P. Mitchell, Secretary of Labor, Appellees.

No. 14625.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 11, 1959.

Decided March 12, 1959.

Petition for Rehearing En Banc Denied April 17, 1959.

Mr. James M. Earnest, Washington, D. C., with whom Messrs. Leonard J. Calhoun and Fred M. Vinson, Jr., Washington, D. C., were on the brief, for appellants.

Mr. Seth H. Dubin, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. George C. Doub, Messrs. Oliver Gasch, U. S. Atty., Morton Hollander, Atty., Dept. of Justice, and Louis Mackall, Jr., Atty., District Unemploy-

**634**

ment Compensation Board, were on the brief, for appellees.

Messrs. Joseph Notes and John A. Weil, Washington, D. C., also entered appearances for appellees Robert E. McLaughlin, et al., as Members of the District of Columbia Unemployment Compensation Board.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

This suit was brought in the District Court by various employers within the District of Columbia (1) to declare invalid an agreement made between the District of Columbia Unemployment Compensation Board and the Secretary of Labor pursuant to the Temporary Unemployment Compensation Act of 1958,[1] and (2) to enjoin the Unemployment Compensation Board from receiving moneys from the Federal Government, and from paying out unemployment compensation benefits, in accordance with that agreement. The Temporary Unemployment Compensation Act, in substance, authorized the Federal Government to advance funds to states, including the District of Columbia, which agreed to provide certain additional unemployment benefits for workers who have exhausted all unemployment compensation rights and who remain or become unemployed in the period between fifteen days after enactment and April 1, 1959. Congress required that the funds be repaid to the Federal Government and provided that, if the funds are not otherwise returned prior to 1963, they will be recouped by the imposition of additional Federal Unemployment Taxes upon employers in the participating states.[2] Congress recognized that repayment prior to 1963 could be effected by the states in various ways, including the transfer to the Treasury of funds in the states' unemployment trust funds.

The employers' central grievance is that they may, commencing in 1963, in-

cur a tax liability as a result of payments made pursuant to the allegedly invalid agreement between the Secretary and the District Unemployment Compensation Board. The District Court dismissed the complaint.

Although appellees have advanced a number of arguments to sustain the judgment below, we need consider only one threshold issue dispositive of the case, namely, that any suit at this time is premature. It is not at all certain that the tax will ever be assessed against appellants. And if it should be, an adequate remedy at law will then be available to those who have standing to invoke it. See, e. g., Eccles v. Peoples Bank, 1948, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784; State of California v. Latimer, 1938, 305 U.S. 255, 59 S.Ct. 166, 83 L.Ed. 159.

Affirmed.

---

1. 72 Stat. 171 (1958), 42 U.S.C.A. § 1400 et seq.

2. Int.Rev.Code of 1954, §§ 3301–08, 26 U.S.C.A. §§ 3301–3308.