## FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Petitioner,

v.

FIRST NATIONAL DEVELOPMENT CORPORATION, Kirkbend Corporation, Katy Building and Development Corporation, Signature Building Corporation, Enchanted Building Corporation, Bankers Investment Building Corporation, Dagney, Inc., Thomas Cloud and Joyce Steel–Civil Action No. H–80–469,

David H. Gayne–Civil Action No. H–80–470,

Drago Daic–Civil Action No. H–80–471,

John R. Cawthron–Civil Action No. H–80–472, Respondents.

Civ. A. Nos. H–80–469 to H–80–472.

United States District Court, S. D. Texas, Houston Division.

March 20, 1980.

Harold L. Levi, Asst. Gen. Counsel, Washington, D. C., for Federal Savings and Loan Ins. Corp.

Jeffrey M. Werthan, Trial Atty., Washington, D. C., for FSLIC.

Robin C. Gibbs, Wood, Campbell, Moody & Gibbs, Houston, Tex., for respondent in Civ. A. No. H–80–469.

Ronald J. Blask & Thomas Collins, Sheinfled, Maley & Kay, Houston, Tex., for intervenor in Civ. A. No. H–80–470.

A. Dalton Smith, Houston, Tex., for respondent in Civ. A. No. H–80–470.

Charles A. Nester, Nester & Horan, Houston, Tex., for respondent in Civ. A. No. H–80–471.

Joe H. Reynolds, Reynolds, Allen & Cook, Houston, Tex., for respondent in Civ. A. No. H–80–472.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SEALS, District Judge.

On January 21, 1980, the Federal Savings and Loan Insurance Corporation (FSLIC) filed three petitions to enforce administrative subpoenas in this court. Because of the summary nature of the enforcement proceedings, the petitions were assigned miscellaneous docket numbers: H–80–6, H–80–7 and H–80–8. Named as respondents in Civil Action No. H–80–6 were:

1. First National Development Corporation,

2. Kirkbend Corporation,

3. Katy Building and Development Corporation,

4. Signature Building Corporation,

5. Enchanted Building Corporation,

6. Bankers Investment Building Corporation,

7. Dagney, Inc.,

8. Thomas Cloud, and

9. Joyce Steel.

David H. Gayne and Draco Daic were named as sole respondents in H–80–7 and H–80–8, respectively.

1. The two movants in these enforcement proceedings are the Republic of Texas Savings Association (ROTSA) and J. B. Westmoreland, Chairman of ROTSA.

2. John R. Cawthron became a respondent on February 5, 1980, when the FSLIC filed its fourth petition to enforce FSLIC subpoena in Civil Action No. H–80 -472.

3. Republic of Texas Savings Association (ROTSA), although the subject of the FSLIC investi-

On February 5, 1980, the FSLIC filed a fourth petition to enforce an administrative subpoena (Misc. Docket No. H–80–17) naming John R. Cawthron as the respondent. Subsequently, because of the contested nature of the proceedings, civil action numbers were assigned to each case. The changes were H–80–6 to H–80–469; H–80–7 to H–80–470; H–80–8 to H–80–471; and H–80–17 to H–80–472.

In response to the FSLIC petitions, numerous motions were filed by the respondents and petitioner as well as two movants,[1] not parties to the enforcement proceedings.

Presently pending before the Court are the FSLIC Petitions to Enforce Federal Savings and Loan Insurance Corporation Subpoena(s) in each of the preceding cases, and the following motions listed by civil action and instrument number, party or movant, and date filed:

Civil Action No. H -80 469

| | |
|---|---|
| Instrument No. 15: | Petition for Leave to Intervene and Application For Preliminary Injunction filed by movants, J. B. Westmoreland and John R. Cawthron,[2] on February 5, 1980. |
| Instrument No. 22: | Motion of Republic of Texas Savings Association to Intervene[3] filed on February 14, 1980. |
| Instrument No. 25: | Motion For Protective Order To Quash Deposition and Subpoena filed by the FSLIC, E. Shelton Miles, Harold L. Levi, Roland Brock and the Federal Home Loan Bank Board on February 20, 1980. |
| Instrument No. 30: | Motion for Consolidation of Actions filed by John R. Cawthron on February 21, 1980, to consolidate Civil Action No. H–80–472 with Civil Action No. H–80–469.[4] |
| Instrument No. 33: | Respondents', Joyce Steel, Thomas Cloud, First National Development Corporation, Kirkbend Corporation, Katy Building and Development Corporation, Signature |

gation, is not a party to the subpoena enforcement petitions and therefore is classified as a movant.

4. As noted in footnote 2 supra, Cawthron became a respondent in Civil Action No. H–80–472. For purposes of clarification, Cawthron acknowledged in his motion to consolidate that he had previously filed a motion, as a movant, to intervene along with movant, J. B. Westmoreland, in Civil Action No. H 80–469 before Civil Action No. H–80–472 was filed.

Civil Action No. H–80–469

Building Corporation, Enchanted Building Corporation and Bankers Investment Building Corporation, Motion to Compel Discovery filed on February 26, 1980.[5]

Instrument No. 37: Motion to Exclude Affidavit (of J. B. Westmoreland) filed by the FSLIC on March 14, 1980.

Civil Action No. H–80–472

Instrument No. 14: Motion for Leave to Conduct Discovery and to Hold Evidentiary Hearing filed by John R. Cawthron on February 26, 1980.

Instrument No. 17: Motion for Leave to Present the Testimony of John McGauley or, in the Alternative to Order his Deposition filed by John R. Cawthron and J. B. Westmoreland[6] on February 29, 1980.[7]

Pursuant to the four FSLIC enforcement petitions, the Court issued show cause orders and scheduled a hearing for February 26, 1980. At the show cause hearing, counsel for the FSLIC presented his case and the Court heard arguments from opposing counsel. At the conclusion of the hearing, the Court stated it would decide the case from the pleadings on file. At the request of counsel, the Court extended the deadline for the filing of affidavits by respondents to February 29, 1980. Responsive affidavits from the FSLIC were to be filed by March 3, 1980. At the request of Harold Levi, lead counsel for the FSLIC, the Court extended the FSLIC filing deadline to March 4, 1980.[8]

On March 4, 1980, the Court held a second hearing to consider all of the pending motions. The Court heard arguments from all parties,[9] and admitted all offered affidavits into evidence. At the conclusion of the hearing, the Court ruled from the bench

5. It appears to the Court that counsel for respondents inadvertently omitted respondent, Dagney, Inc., in this motion.

6. J. B. Westmoreland is not a party to the enforcement proceedings and is incorrectly referred to as a respondent in this motion.

7. The affidavit of Joe H. Reynolds attached to this motion as Exhibit A was not notarized. However, the motion was resubmitted verbatim (Instrument No. 18) to the Court on March

that it would enforce the administrative subpoenas in all four of the pending cases and instructed counsel for the FSLIC to submit proposed Findings of Fact and Conclusions of Law. The Court further instructed counsel for petitioner, at the request of respondents' counsel in Civil Action No. H–80–469, to redraw the subpoenas issued in Civil Action No. H–80–469, if necessary, to conform with the law, so that they only requested what was reasonable and necessary and would not be abusive.

Having considered the arguments of counsel and the pleadings and affidavits on file, together with an examination of the applicable law, the Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. At all times relevant hereto, petitioner was, and now is, an agency and instrumentality of the United States which is charged, *inter alia*, with the responsibility for examining, and insuring the accounts of, state–chartered savings and loan associations which apply and are eligible for insurance of accounts. (12 U.S.C. § 1724). Petitioner is operated and directed by the Federal Home Loan Bank Board (Bank Board) which also is an agency and instrumentality of the United States. (12 U.S.C. § 1437(b)).

2. Movant, Republic of Texas Savings Association (ROTSA), is a savings and loan association chartered by the state of Texas whose accounts are insured by petitioner pursuant to Title IV of the National Housing Act (Act). (12 U.S.C. § 1724).

11, 1980, with Reynolds' affidavit notarized effective March 11, 1980.

8. The extension was granted to give Mr. Levi, who was travelling to and from his office in Washington, D. C., sufficient time to review any new affidavits filed on February 29, 1980, and to return to Houston, if necessary, to take additional depositions.

9. Petitioner, respondents and movants alike.

3. Pursuant to Section 407(m)(2) of the Act, the Bank Board, as operating head of the FSLIC, authorized an investigation of the affairs of ROTSA. Bank Board Resolution No. 79–633, dated December 13, 1979, named Assistant General Counsel Harold L. Levi, Attorney Jeffrey M. Werthan, Assistant District Director E. Shelton Miles and Examiner Hanley Linville as designated representatives and empowered them to perform all of the acts, functions and duties specified in Section 407(m)(2) of the Act.

4. Pursuant to Resolution No. 79–633, designated representative Harold L. Levi issued various subpoenas duces tecum or ad testificandum to respondents Steel *et al.*, Daic, and Gayne. The subpoenas required the production of various books, documents, records and/or testimony relating to more than $30 million in loans obtained by respondents from ROTSA. All of the documents and records subpoenaed are routine business records of respondent real estate developers. None of the records demanded belong to movants ROTSA or Westmoreland.

5. Pursuant to Resolution 79–633, designated representative Levi also issued a subpoena ad testificandum to respondent Cawthron, president of ROTSA.

6. Respondents filed Motions To Quash the various subpoenas with the designated representative; these motions were denied pursuant to regulatory requirements. Thereafter, respondents failed to produce the required books, documents and records or to appear for testimony. Petitioner thereupon filed the Petitions to Enforce the FSLIC subpoenas.

7. Respondents filed separate Answers to the FSLIC's Petitions to Enforce urging the Court to quash the subpoenas, to quash the investigation in its entirety, to remove two FSLIC employees named to assist in the conduct of the investigation or to limit the scope of the FSLIC's inquiry. The thrust of respondents' Answers is that (a) the FSLIC has no authority to subpoena books, records or testimony from borrowers of insured institutions; (b) respondents were not informed of the purpose or scope of the investigation; (c) the subpoenas are overbroad and impermissibly burdensome and the subpoenaed materials are not relevant to the proper subject matter of the FSLIC's investigation; and (d) the investigation of ROTSA was motivated solely by the bias and prejudice of FSLIC Assistant District Director E. Shelton Miles and Examiner Hanley Linville toward ROTSA Chairman Joe B. Westmoreland.

8. On January 24, 1980, at the time he was to have appeared as a witness in the investigation, movant Cawthron filed with the Bank Board a Motion to Remove Designated Representatives E. Shelton Miles and Hanley Linville. On February 5, 1980, movants Cawthron and Westmoreland filed the same motion again, this time with the Secretary to the Bank Board. These motions are pending before the Bank Board.

9. On February 5, 1980, movants Cawthron and Westmoreland filed a Motion for Leave to Intervene and for Preliminary Injunction. This motion incorporates the identical Motion to Remove Designated Representatives which was made part of the respective Answers to Petitions for Enforcement filed by Steel *et al.*, Gayne and Cawthron. On February 7, 1980, ROTSA filed a similar Motion to Intervene which again incorporated the Motion to Remove filed by movants Cawthron and Westmoreland as well as by respondents Steel *et al.*, Gayne, and Cawthron. It appears to the Court that the movants' motions to intervene were primarily motivated by their desire to impede the FSLIC investigation.

10. In support of their effort to prevent the enforcement of the various subpoenas, respondents Steel *et al.*, Gayne and Cawthron, and movants initially filed five affidavits, from Westmoreland, Cawthron, Heumann, Gould and Paulson. All of the affiants are ROTSA officers or employees. The Court finds that these affidavits, regarding the conduct of Assistant District Director Miles, are refuted in their entirety.

11. The Court finds that nowhere in their pleadings or accompanying affidavits do movants or respondents allege that the Bank Board or the FSLIC is without statu-

tory authority to conduct the investigation of ROTSA. Moreover, there is no evidence offered as to any bias or prejudice on the part of Examiner Hanley Linville. The Court further finds that the respondent borrowers, as the recipients of the various subpoenas, have made no showing that the alleged bias or prejudice of Assistant District Director Miles was directed toward any of them.

12. The only allegation, one of discrimination, made against Harold Levi, Assistant General Counsel for the FSLIC, and attorney responsible for the conduct of the investigation, was raised in the affidavit of J. B. Westmoreland. The affidavit, filed late, was admitted into evidence in open court over the subsequent objection of petitioner. The Court finds that there was no mention of Levi's discrimination prior to Levi arguing before the Court that he, and not E. Shelton Miles, was the individual issuing the subpoenas, and, therefore, the allegation is wholly conclusory and only indicative of the delay tactics undertaken by the respondents.

13. On February 12 and 15, 1980, respectively, respondents Steel *et al.*, and Cawthron, filed Notices of Intention to Depose the members of the FSLIC and the Bank Board, as well as Assistant General Counsel Levi, Assistant District Director Miles and Examiner Roland Brock. These Notices required the deponents to produce all files, records, investigations, correspondence and other documents relating to ROTSA, Westmoreland, Cawthron and respondents Steel *et al.* On February 19, 1980, the FSLIC filed a Motion for Protective Order to Quash Deposition and Subpoena. On February 19, 1980, respondents Steel *et al.* filed a Motion to Compel Discovery.

14. The Court finds that respondents' discovery would require the production of virtually all of the FSLIC's confidential examining and supervisory files with respect to ROTSA.

15. In response to the allegations made by respondents and movants, the FSLIC initially produced affidavits of Assistant General Counsel Levi, Assistant District Director Miles (4), Examiners Massengill, Linville, Perry, Wear and Brock (4), Supervisory Agent Bassett, and Farm and Home Savings Association Vice President Milosevich. These affidavits wholly refute the allegation that Miles, motivated solely by bias and prejudice toward Westmoreland, engaged in a solitary campaign to rid ROTSA of its Chairman.

16. Even before the bias allegation was raised in the district court, the Levi affidavit, which accompanied the Petitions to Enforce, demonstrated that the FSLIC authorized the investigation pursuant to 12 U.S.C. § 1730(m)(2) for the purpose of determining the nature and extent of possible violations of a Cease and Desist Order outstanding against ROTSA, as well as to determine whether ROTSA had engaged in or committed certain other violations of law or regulation not covered by the outstanding order.

17. This Court finds that the investigation of ROTSA was not initiated by Miles, but was authorized by the FSLIC, for the purposes set out in the Levi affidavit, based upon the uniform recommendations of various offices of the Bank Board's staff in Houston, Little Rock and Washington, D.C.

18. This Court finds that the Massengill, Bassett, Linville, Perry and Miles affidavits refute the assertion that Miles acted with bad faith toward Westmoreland or Cawthron at meetings held in Little Rock on September 3, 1979, and in Houston on October 3, 1979.

19. The Court finds, based upon the Milosevich, Brock and Miles affidavits and the arguments and memoranda of counsel, that the statements purportedly made by Examiner Roland Brock, while examining Surety Savings Association, do not evidence any bias or prejudice toward Westmoreland, or demonstrate any bad faith, on the part of Assistant District Director Miles.

20. The Court finds that the affidavits of Perry and Wear refute the assertion that they acknowledged to Cawthron that Miles resented Westmoreland because he is an alleged non-conformist in the savings and loan industry.

21. The Court finds that the Westmoreland allegations relating to (a) the protracted length and cost of ROTSA examinations; (b) false statements contained in ROTSA examination reports; (c) Miles' improper use of test appraisals; (d) Miles' wilful misinterpretation of regulations; and (e) Miles' unlawful attempts to force capital infusions, are refuted in their entirety.

22. This Court finds that Petitioner has met the *Powell* standards of good faith. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964); *United States v. LaSalle National Bank*, 437 U.S. 298, 313, 98 S.Ct. 2357, 2367–68, 57 L.Ed.2d 221 (1977); *Donaldson v. United States*, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971).

23. Any Finding of Fact deemed to be a Conclusion of Law is hereby adopted as such.

## CONCLUSIONS OF LAW

1. Section 407(m)(1) of the Act confers authority on petitioner to conduct examinations of federally–insured savings and loan associations and their affiliates. (12 U.S.C. § 1730(m)(1)). Section 407(m)(2) of the Act authorizes petitioner in connection with such examinations, to take testimony under oath as to any matter relating to the affairs and/or ownership of insured institutions and their affiliates, to issue subpoenas and subpoenas duces tecum and to enforce such subpoenas in the United States district courts. (12 U.S.C. § 1730(m)(2). The 1966 Supervisory Act, which gave the FSLIC subpoena authority, parallels the authority of the Comptroller of the Currency and the Federal Deposit Insurance Corporation. 12 U.S.C. § 1820(c); 1966 U.S. Code Cong. and Admin.News, pp. 3532, 3551. The Court finds that 12 U.S.C. § 1730(m)(2) confers authority on the FSLIC to subpoena books, records and/or testimony from borrowers of, and other persons doing business with, insured associations. To otherwise limit the FSLIC's subpoena authority to the taking of testimony from officers or directors of insured institutions would, for all intents and purposes, render 12 U.S.C. § 1730(m)(2) a nullity in light of 12 U.S.C. § 1730(m)(1).

2. The FSLIC's investigation, authorized pursuant to 12 U.S.C. § 1730(m)(2) and ordered by the Bank Board pursuant to its Resolution No. 79–633, is for the purposes of determining whether ROTSA has violated an outstanding Cease and Desist Order and has engaged in certain other suspected violations of law or regulation not addressed by the outstanding order. The Court concludes that the FSLIC investigation is being conducted for a legitimate purpose within the law enforcement powers of the agency. *United States v. Powell*, *supra*, 379 U.S. at 57, 85 S.Ct. at 254.

3. The books, documents, records, and testimony subpoenaed from respondents are relevant to the investigation being conducted by the FSLIC. *United States v. Powell*, *supra*, 379 U.S. at 57, 85 S.Ct. at 254.

4. The subpoenas in question are not too indefinite and are neither overly broad nor oppressively burdensome. *Oklahoma Press v. Walling*, 327 U.S. 186, 208, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1938); *U. S. v. Morton Salt*, 338 U.S. 632, 652–53, 70 S.Ct. 357, 368–369, 94 L.Ed. 401 (1950); *Genuine Parts v. FTC*, 445 F.2d 1382, 1391 (5th Cir. 1971).

5. The books, documents, records, and testimony subpoenaed are not already in the possession of the FSLIC. *United States v. Powell*, *supra*, 379 U.S. at 58, 85 S.Ct. at 255.

6. Movants have failed to demonstrate that a statute of the United States confers an unconditional right to intervene in these subpoena enforcement proceedings, that they have an interest in the books, documents and records which are the subject of the proceeding or that they are so situated that their ability to protect their interests would be impaired or impeded but for their intervention. Fed.R.Civ.P. 24(a).

7. This Court concludes that 5 U.S.C. §§ 704 and 702 do not confer on movants an unconditional statutory right to intervene in a subpoena enforcement pro-

ceeding. The issuance of a subpoena pursuant to 12 U.S.C. § 1730(m)(2) is merely a preliminary procedural action which is reviewable in the Court of Appeals only upon review of some final agency action and is not a final agency action subject to judicial review. 5 U.S.C. §§ 704, 702; *International Waste Controls v. SEC*, 362 F.Supp. 117 (S.D.N.Y.1973).

■ 8. Inasmuch as the books and records subpoenaed are not their books and records, movants do not have a significantly protected interest in those records of the sort which permits intervention. Fed.R. Civ.P. 24(a); *Donaldson v. United States, supra*, 400 U.S. at 536, 91 S.Ct. at 545; *United States v. Jackson*, 519 F.2d 1147, 1151 (5th Cir. 1975).

■ 9. Likewise, 5 U.S.C. §§ 702 and 704 do not confer upon movants a conditional right to intervene in these summary subpoena enforcement proceedings. Fed.R. Civ.P. 24(b). Permissive intervention is discretionary with this Court. Fed.R.Civ.P. 24(b). On balance, the Court concludes that their intervention would serve more to delay and prejudice the rights of the original parties than to aid the Court in the resolution of the matters in issue. *United States v. AICPA*, 442 F.Supp. 1072 (N.D.Ill.1977).

■ 10. The burden of showing an abuse of the Court's process is on respondents. *United States v. LaSalle National Bank, supra*, 437 U.S. at 303, 316, 98 S.Ct. at 2360, 2367; *United States v. Powell, supra*, 379 U.S. at 58, 85 S.Ct. at 255.

■ 11. This Court concludes that where there are only refuted allegations of bad faith raised regarding an agent of the investigating agency and, in this case, not the agent issuing the subpoenas, the respondents have failed to carry their burden in demonstrating to the Court the need to hold an evidentiary hearing or to grant broad discovery. *United States v. LaSalle National Bank, supra*, 437 U.S. at 316, 98 S.Ct. at 2367; *United States v. Powell, supra*, 379 U.S. at 58, 85 S.Ct. at 255; *United States v. Wright Motor Co., infra*, 536 F.2d at 1092; *United States v. Roundtree*, 420 F.2d 845, 851 (5th Cir. 1969); *M. G. Davis v. Cohen*, 369 F.2d 360, 362–63 (2nd Cir. 1960).

12. This Court further concludes that the respondents' allegations of bias or harassment on the part of Designated Representative E. Shelton Miles are without merit and were interposed merely for delay in order to frustrate a legitimate law enforcement inquiry of the FSLIC.

■ 13. While the Federal Rules of Civil Procedure apply in subpoena enforcement proceedings, the district courts have discretion under Fed.R.Civ.P. 81(a)(3) to limit their application. *See United States v. Wright Motor Co., Inc.*, 536 F.2d 1090, 1093–94 (5th Cir. 1976). Under Rule 81(a)(3) this Court clearly need not permit discovery which is more a matter of form and tactics than of substance. This is particularly so where, as here, respondents have done no more than allege that one particular agent of the FSLIC harbors some bias against an official of the investigated savings and loan association. *See United States v. Church of Scientology of California*, 520 F.2d 818, 824 (9th Cir. 1975).

■ 14. Respondents (and movants, alike) have failed to demonstrate either that they would suffer irreparable injury but for the issuance of a preliminary injunction, or that they have no adequate legal remedies. *Beacon Theatres v. Westover*, 359 U.S. 500, 506–507, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959). Respondents, other than Cawthron, are merely borrowers of ROTSA whose records have been subpoenaed. Their interests are fully protected by their ability to contest the enforcement of the FSLIC's subpoenas. *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); *Anheuser–Busch, Inc. v. FTC*, 359 F.2d 487 (8th Cir. 1966). Likewise, the only injury asserted by respondents is the time-consuming or burdensome relinquishment of the records to the FSLIC. The expense of gathering or turning over records is not sufficient to support a claim of irreparable injury indispensable for injunctive relief. *Allen v. Grand Central Aircraft Co.*, 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 (1954); *California v. Latimer*, 305 U.S. 255, 59 S.Ct. 166, 83 L.Ed. 159 (1938).

■ 15. Neither the Administrative Procedure Act (5 U.S.C. § 551 *et seq.*) nor

procedural due process require that an administrative agency provide subpoenaed witnesses with a notice of the purpose and/or scope of an administrative investigation. (5 U.S.C. § 555(d)). The necessity of protecting against adverse publicity which could result in runs on financial institutions dictates that widespread circulation of the purpose of the FSLIC's confidential investigative proceedings be avoided.

■ 16. Cawthron and Westmoreland, having made application to the FSLIC for the removal of Designated Representatives Miles and Linville, must exhaust their administrative remedies and may not enlist the district court's aid to circumvent the administrative processes which they have put in motion. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938); *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969); *SEC v. R. A. Holman*, 323 F.2d 284 (D.C.Cir. 1963).

■ 17. The sensitive nature of the banking business dictates that investigative subpoenas be enforced swiftly so as to preclude interference, prevent delay, and protect against the loss of relevant information. *United States v. Turner*, 480 F.2d 272 (7th Cir. 1973); *United States v. Davey*, 426 F.2d 842 (2nd Cir. 1970). Such swift enforcement is crucial to the maintenance of a safe and sound savings and loan system.

18. Any Conclusion of Law deemed to be a Finding of Fact is hereby adopted as such.

For the reasons stated above, the Court hereby ORDERS:

1. Petitioner's Petitions to Enforce Federal Savings and Loan Insurance Corporation Subpoena(s) in H–80–469, H–80–470, H–80–471 and H–80–472 are GRANTED.

2. Westmoreland and Cawthron's Petition for Leave to Intervene and Application for Preliminary Injunction is DENIED.

3. Republic of Texas Savings Association's Motion to Intervene is DENIED.

4. Petitioner's, *et al.* Motion for Protective Order to Quash Deposition and Subpoena is GRANTED.

5. Cawthron's Motion for Consolidation is DENIED.

6. Respondents' Joyce Steel, *et al.*, Motion to Compel Discovery is DENIED.

7. Petitioner's Motion to Exclude Affidavit is DENIED.

8. Cawthron's Motion for Leave to Conduct Discovery and to Hold Evidentiary Hearing is DENIED.

9. Cawthron and Westmoreland's Motion for Leave to Present the Testimony of John McGauley or, in the Alternative, to Order his Deposition is DENIED.

10. Respondents' respective prayers for injunctive relief against the FSLIC's Investigation, for the removal of Designated Representatives Miles and Linville, and for the limiting of the FSLIC investigation are DENIED.

11. Respondents' Steel *et al.*, Drago Daic and Gayne shall produce all of the subpoenaed books, documents and records at their respective offices in Houston, Texas, no later than 4:00 P.M. on the 31st day of March, 1980.

12. Respondents Gayne, Daic, Steel, Cloud and Cawthron shall appear for testimony at a time and place established by the Designated Representative of the FSLIC.