**UNITED STATES of America, and Dwight W. Affleck, Petitioners-Appellees,**

v.

**Jack ALDERSON, Respondent-Appellant.**

**No. 80–3016.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1981.

Decided May 29, 1981.

Timothy W. Mahoney, Stephenson & Mahoney, Kennewick, Wash., for respondent-appellant.

Stephen Gray, Washington, D. C., argued for petitioners-appellees; Michael L. Paup, Washington, D. C., on brief.

Before WRIGHT and ANDERSON, Circuit Judges, and BURNS, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from an order to comply with an Internal Revenue Service (IRS) summons issued in a civil investigation. Alderson contends that: (1) as a member of a small family partnership he may assert a privilege against self-incrimination to avoid production of partnership records; (2) he is entitled to compensation for expenses incurred in complying with the summons; and (3) the summons was not issued in good faith. We affirm.

I

The basic facts are not is dispute. Alderson and his brother are farmers and run a potato-packing warehouse in the business name of Perfection Produce-Alderson Brothers. The brothers have a separate bank account for their business and have filed partnership tax returns.

In January 1979, the IRS issued a summons to Alderson ordering production of some partnership records. It was issued pursuant to a civil investigation of the brother's tax liability for the year 1976. Alderson appeared as directed but refused to produce the partnership records or answer questions, invoking his privilege against self-incrimination.

* Of the District of Oregon.

The IRS filed a petition for judicial enforcement of the summons. After an evidentiary hearing a magistrate concluded that Perfection Produce-Alderson Brothers was a commercial partnership with a separate institutional identity. He found that Alderson could not refuse to produce the records on Fifth Amendment grounds and that Alderson was not entitled to compensation and that the summons was issued in good faith. These findings were adopted and the court entered judgment ordering appellant to produce the records.

II

In *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974), the Supreme Court held that, because the privilege against self-incrimination is personal, it may not be invoked to avoid producing records of an artificial organization which are held in a representative capacity. *Id.* at 89–90, 94 S.Ct. at 2183–2184.

The crucial question is whether the organization has an established institutional identity independent of its members. *Id.* at 94–101, 94 S.Ct. at 2186–2190. This is a factual question, and the district court's finding is reversible only if clearly erroneous. *In re Witness before the Grand Jury,* 546 F.2d 825, 827 (9th Cir. 1976).

In *Bellis* the court concluded that a three-man law firm had a separate identity despite the absence of a formal partnership agreement. It relied upon these facts: the firm had existed for 15 years; it had six permanent employees, an established name, and a separate bank account; it held itself out to third parties as an independent entity; and it had filed separate partnership returns for federal tax purposes. *Id.* 417 U.S. at 95–97, 94 S.Ct. at 2186–2187. The court also concluded that Bellis held the records in a representative capacity because, under state law, the records were partnership property and each partner had a legally enforceable right of access to them. *Id.* at 99, 94 S.Ct. at 2188.

■ The similarity between the facts of *Bellis* and those of this case is striking. The Alderson brothers have been farming together for 20 years. They employ six full-time employees and approximately 75 seasonal workers. The brothers have a farm bank account in the name of Alderson Brothers and maintain a business office. They filed partnership tax returns in 1976 and 1977.

Despite the absence of a formal partnership agreement, the rights and responsibilities of the partners are defined by state law.[1] Wash.Rev.Code § 25.04.190 specifically provides that each partner has a right of access to the business records.

As in *Bellis*, these facts strongly support the conclusion that Perfection Produce-Alderson Brothers has an established identity independent of the brothers who operate the business, and that Alderson holds the records in a representative capacity.

Alderson attempts to distinguish *Bellis* on the grounds that his partnership was based on a family relationship and that he and his brother had a pre-existing, confidential relationship. He relies on dictum in *Bellis*, in which the Court stated that its conclusion might be different if the case involved a family partnership or a pre-existing relationship of confidentiality, 417 U.S. at 101, 94 S.Ct. at 2189 (1974). He relies also on *United States v. Slutsky*, 352 F.Supp. 1105 (S.D.N.Y.1972), in which two brothers were allowed to invoke the privilege against self-incrimination as grounds for refusal to produce partnership records.

Those circuits which have addressed this question have denied the right to assert the privilege against self-incrimination to members of family partnerships if the record otherwise supports the conclusion that the partnership is a separate entity. *See Gordon v. Commissioner*, 63 T.C. 51 (1974), *aff'd on other grounds per curiam*, 572 F.2d 193 (9th Cir. 1977), *cert. denied*, 435 U.S. 924, 98 S.Ct. 1488, 55 L.Ed.2d 517 (1978) (a father and son-in-law partnership); *United States v. Mahady & Mahady*, 512 F.2d 521, 523–24 (3d Cir. 1975); *United States v. Hankins*, 565 F.2d 1344, 1347–49 (5th Cir. 1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979) (a partnership formed by two brothers); *In re September*, 435 F.Supp. 538, 542–44 (N.D.Ind.1977) (a husband and wife partnership).

These cases treat the existence of a family relationship only as one factor to be considered in determining whether the organization has an identity separate from its individual members. Where, as here, the facts overwhelmingly point to the existence of a separate entity with an institutional identity, the existence of a family relationship, or a pre-existing relationship of confidentiality, will not overcome this conclusion.

The district court did not err in finding that the records are those of an independent entity, and are held in a representative capacity. The privilege against self-incrimination is inapplicable.

### III

■ Alderson's claim to compensation under 26 U.S.C. § 7610 is based on the assertion that he was not in partnership with his brother. We have said this is not supported by the facts. The brother had a legally enforceable right to full access to the records. Wash.Rev.Code § 25.04.190. This interest is sufficient to invoke the exception to § 7610 that denies compensation if the person with respect to whose liability the summons is issued has a proprietary interest in the records. 26 U.S.C. § 7610(b)(1).

### IV

■ Finally, Alderson's contention that the summons should not be enforced because it was issued in bad faith is frivolous.

---

1. The district court found that Alderson Brothers-Perfection Produce was a "commercial partnership." Under Washington law the existence of a partnership may be implied from the act of entering into a business relationship, combining labor and skill in a common venture and sharing profits. Wash.Rev.Code § 25.04.-070; *In re Estate of Thornton*, 81 Wash.2d 72, 499 P.2d 864 (1972).

The burden of proof is on him to show that the summons was not issued for the purpose of tax collection or a civil tax determination. *United States v. LaSalle National Bank*, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978).

 He objects only to the fact that the summons was served on him, not on his brother. The IRS has the authority to summon *any* person having custody of records relating to the business of a person liable for taxes. 26 U.S.C. § 7602. Absent any showing of harassment or improper purpose, the assertion of bad faith is entirely without merit.

*Affirmed.*