Ray MARSHALL, Secretary of Labor of the United States, Petitioner,

v.

AMALGAMATED INSURANCE AGENCY SERVICES, INC., et al., Respondents.

No. 77 C 4720.

United States District Court,
N. D. Illinois, E. D.

Sept. 18, 1981.

Richard O. Patterson and William Zuckerman, U. S. Dept. of Labor, Sp. Litigation Staff, Washington, D. C., for petitioner.

Albert E. Jenner, Jr., Jenner & Block, Chicago, Ill., for respondent.

1. This court notes that respondents have captioned many of their papers as if this case had been consolidated with *Dorfman v. Lippe*, No. 77 C 3635. The court assumes that this has been done as a convenience for the respondents. This court has not consolidated these two cases, and there is presently pending before this court a motion for reconsideration of this court's February 26, 1980 Order dismissing the complaint in *Dorfman v. Lippe*.

## ORDER

BUA, District Judge.

Respondents,[1] Amalgamated Insurance Agency Services, Inc., Federal Computer Systems, Inc., Southwest Insurance Agency of Illinois, Inc., American and Overseas, Inc., Health Plan Consultants, Inc., Union Insurance Agency of Illinois, Dental Health Inc., Magna Charta Investments, Inc., Dover Insurance Agency, Ltd., Conference Insurance Consultants, and Federal Services Co. have moved pursuant to Rule 59, Fed.R. Civ.P.,[2] for the entry of an order granting a new trial. The court previously granted the respondents' motion for a stay of its order enforcing the subpoenas and the petitioner has moved to dissolve that stay. The court has been presented with memoranda in support of and in opposition to the pending motions, has heard lengthy oral argument on the motions, and has considered additional exhibits submitted at oral argument, as well as the additional memoranda of the parties relating to *Securities and Exchange Commission v. McGoff*, 647 F.2d 185 (D.C.Cir.1981). This court finds no reason to vacate the order granting enforcement or continue the stay in this case pending appeal.

A motion for a new trial is addressed to the discretion of the trial court. *Schybinger v. Interlake Steamship Company*, 273 F.2d 307, 312 (7th Cir. 1952). There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2); (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence. *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978); 6A Moore's Federal Practice ¶ 59.07 at 59–94.

2. A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

A new trial in a court action will not lie merely to relitigate old matters, nor will a new trial normally be granted to enable the movant to present his case under a different theory than he adopted at the former trial.

6A Moore's Federal Practice ¶ 59.07 at 59–93. *See also Evans, Inc. v. Tiffany & Co.,* 416 F.Supp. 224, 244 (N.D.Ill.1976).

The respondents first claim that "the court erred in finding, contrary to *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) and *United States v. Lenon,* 579 F.2d 420 (7th Cir. 1978), that at the hearing on enforcement, the respondents had the initial burden of going forward with the evidence, and that the Department of Labor was not required to make a prima facie showing that it is conducting an investigation pursuant to a legitimate purpose, and that the subpoenaed documents are relevant to the investigation." *Motion for a New Trial and Other Relief,* p. 2, ¶ 1.

■ In *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court stated that in order to obtain enforcement of an investigative subpoena issued pursuant to 26 U.S.C. § 7602(a), the Internal Revenue Service must

> show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

*Id.* at 57–58, 85 S.Ct. at 255. Once this prima facie showing has been made, the burden rests on the respondent to show why the subpoena should not be enforced. It is clear that in this Circuit, the government's prima facie showing may be made by way of affidavits. Once the government makes its prima facie showing, it is entitled to the issuance of a rule to show cause why the subpoenas should not be enforced. It is then left to the respondent to show compelling reasons why the subpoenas should not

be enforced or should be enforced only in a modified form. *See United States v. Moll,* 602 F.2d 134, 138 (7th Cir. 1979); *United States v. Lenon,* 579 F.2d 420, 421–422 (7th Cir. 1978).

■ The respondents again maintain that the government's affidavits, filed in support of the issuance of the rule to show cause in this case, failed to make a prima facie showing of enforceability. They have contended that there is no way that this court could determine whether the materials subpoenaed were "relevant to a legitimate investigation." This court disagrees. The question presented is whether materials "*may* be relevant to the purpose" of the investigation. *Powell* does not require a showing that the documents sought are directly related to a specific area of inquiry. The *Powell* standard incorporates a standard of relevance akin to the standard of discovery in civil actions. *Cf.* Rule 26, Fed. R.Civ.P.

The respondents cite *In re Grand Jury Proceedings [In re Schofield],* 486 F.2d 85 (3d Cir. 1973), for the proposition that "DOL must explain how each item in the subpoena is reasonably calculated to lead to information that may be relevant to its investigation." *Respondents' Memorandum in Support of their Motion for Rehearing and Other Relief,* p. 10. In that case, a grand jury subpoena was served on Mrs. Schofield requiring her to appear before the grand jury and allow handwriting exemplars and a "mug shot" to be taken. When she refused to comply, the government filed a motion to compel reciting simply that she had been served with a subpoena and that she had "no right or privilege under the fourth or fifth amendment to refuse to comply ..." *Id.* at 87. Although this statement was found insufficient to justify enforcement, *Schofield* requires only

> that the government be required to make some preliminary showing by affidavit that each item is at least relevant to an investigation being conducted by the grand jury and properly within its jurisdiction and is not sought primarily for another purpose.

■ This court believes that the DOL affidavits filed in this case suffice for this preliminary showing. Under oath in this case two DOL agents stated that DOL is investigating the operation of Central States, Southeast and Southwest Areas Health and Welfare Fund for the purpose of determining whether the fund business was being conducted in conformity with the requirements of ERISA. To require a more specific recital of the purposes for which this investigation is being conducted in order to determine whether the materials sought by the subpoena may be relevant to the investigation would, in practical effect, force the DOL to reveal its investigative plan. Nothing in the Constitution, ERISA, or the case law requires that DOL investigators afford respondents the specific right of apprisal which they demand, *see Hannah v. Larche*, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960), or limit the areas of investigation to specific ERISA violations.

In addition, the respondents again rely on *Civil Aeronautics Board v. United Airlines*, 542 F.2d 394 (7th Cir. 1976). In that case, the Seventh Circuit required disclosure of the specific purpose of the investigation. This court failed to discuss *United Airlines* in its previous opinion because that case does not appear to be relevant to the issues raised by a challenge to enforcement of a *subpoena duces tecum*. *United Airlines* involved a warrantless search of all records located on the premises of United's corporate office. It seems apparent that the holding in that case rested on the fact that the statute purported to authorize a warrantless search of premises. No such intrusion is present in this case. All that the subpoena asks for in this case is production of certain categories of documents if they exist. It is left to the responsible officials of the respondents to determine whether these documents exist and to produce those requested at DOL's office. This court believes that the distinction between on site administrative searches which require war-

rant procedures and/or probable cause to justify them, *see e. g. Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978); *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967), and subpoena enforcement proceedings which require neither warrant procedures nor a finding of probable cause in the usual sense, *see e. g. United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950), is well established in the law. Therefore, the court does not believe that *United Airlines* is controlling precedent in this case. *United Airlines* has no applicability to the enforcement of a subpoena which merely seeks an appearance and production of documents or a statement under oath that the particular respondent does not possess any requested documents. In fact, when Meyer Breen, President of Amalgamated, indicated that subpoenaed entities other than Amalgamated possessed no documents requested by the subpoenas, DOL agents indicated that such a statement, if made under oath upon return of the subpoenas, might be accepted as a sufficient response to the subpoenas.[3]

The respondents' statement that the court "concluded that the purpose of the subpoenas was to determine whether any of the respondents are parties in interest" evidences a misconception as to the court's February 26th opinion. In determining the relevance of the subpoenaed documents in light of the broad investigative power of DOL to uncover violations of ERISA (the stated purpose of the investigation), the court pointed to the party in interest provisions of ERISA as an example of how the subpoenaed documents might be relevant to the DOL investigation of the Fund.

DOL must know what entities are related to the Fund as parties in interest. Moreover, to phrase the issue presented in terms of this court's inability to determine rele-

---

**3.** This court notes the alternative contentions of the respondents that there is absolutely no relationship between any of the subpoenaed entities (other than Amalgamated) either *di-* *rectly or indirectly* with the Fund and that compliance with the subpoenas would force production of every document in the possession of each of those entities.

vance is to attempt an end run around the holdings of the *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943) and *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946) cases which mandate that the courts allow the agency to determine jurisdiction. In this case, it seems clear that the subpoenaed materials will allow the DOL to make an initial determination of which of the various respondents are parties in interest or fiduciaries of the Fund.

This court believes that the permissible scope of the investigation, the fact that the evidence showed each of the moving respondents to have some relationship to the Health and Welfare Fund, and the kinds of violations that DOL may inquire into make the categories of documents sought by each of the subpoenas "relevant" to an investigation of the Fund pursuant to ERISA.

■ Finally, this court again rejects the contention that *Marshall v. Robbins* has an effect on this case. Respondents failed to persuade the court of any impermissible relationship between these two cases. Moreover, there is no reason why respondents should fear duplicative production. On several occasions respondents have sought to oppose discovery in *Robbins* by arguing to Judge McMillan that the materials sought in *Robbins* were the subject of the subpoenas in this case, while at the same time arguing the opposite in this court. *See e. g. Memorandum of Defendant-Intervenor Amalgamated Insurance Agency Services, Inc. in Opposition to Plaintiff's Motion to Compel Discovery*, docketed on June 19, 1979 in *Marshall v. Robbins*, No. 78 C 4075. The obvious way to avoid any duplicative production of subpoenaed material would be to respond to the subpoenas with a simple statement of those items already produced pursuant to discovery in *Robbins*. The respondents also argue that DOL failed to show that the materials sought by the subpoenas were not already in its possession. The necessity for such a showing in this case escapes the court.

The respondents have vigorously resisted all requests for the materials sought by the subpoenas and the undisputed evidence at the hearing on enforcement indicated that none of the respondents have ever voluntarily produced any material in their possession nor have they been served with any DOL subpoenas prior to those involved in this proceeding. Moreover, it was not until more than a year after these subpoenas were issued that the Secretary instituted *Marshall v. Robbins*.

Finally, the subpoena seeks some material, copies of which are in the possession of the Fund. Nonetheless, given the provisions of ERISA, it is reasonable for DOL to seek production of the respondents' materials in order to satisfy itself that there are no discrepancies in the copies that are made available to the Fund by its services providers.

■ During oral argument, respondents' counsel offered several exhibits to show that the Department of Justice was conducting a criminal investigation of Allen Dorfman. After reviewing this material, this court fails to see the relevance of this material to this proceeding. Allen Dorfman is not and never has been a party to this proceeding, no subpoena has been served on him, none of his personal records are sought by the subpoenas and his fifth amendment rights cannot be implicated in any way by respondents' compliance with the subpoenas. *See e. g. United States v. Alderson*, 646 F.2d 421 (9th Cir. 1981).

The petitioner has moved to dissolve the stay of this court's order granting enforcement of the subpoenas. The court agrees with the petitioner that there is no sound reason to continue the stay. This court's experience in presiding over this hard fought and unfortunately lengthy proceeding gives the court reason to fully appreciate the most recent statement of the Seventh Circuit Court of Appeals in *United States v. Kis*, 658 F.2d 526 (7th Cir. September 4, 1981). Although that consolidated appeal concerned Internal Revenue Service Summons enforcement proceedings, this court believes that much of Judge Swygert's cogent reasoning applies with equal

force to administrative subpoena enforcement generally. In the *Kis* opinion, Judge Swygert stated:

> In discussing the relative burdens of the parties in summons enforcement actions, we cannot stress too emphatically that these proceedings are intended to be summary in nature. They occur, after all, at only the investigative stage of any action against a taxpayer, and no guilt or liability on the part of the taxpayer is established. The sole reason for the proceedings ... is to ensure that the IRS has issued the summons for proper investigatory purposes ... and not for some illegitimate purpose (such as, for example, using a civil summons to gather evidence to be used solely in a criminal prosecution).

At p. 14, at p. 535.

This court has no doubt that the DOL is engaged in a civil investigation of the Fund pursuant to ERISA and can see no need to further delay the progress of this investigation pending appeal.

Therefore, for the reasons stated above and in this court's prior opinion, the respondents' motion for rehearing is DENIED, and the petitioner's motion to dissolve the stay is GRANTED.

IT IS SO ORDERED.