**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Petitioner,**

v.

**BASS FINANCIAL CORPORATION, Respondent.**

No. 82 C 5720.

United States District Court, N.D. Illinois, E.D.

Nov. 30, 1982.

Mary S. Rigdon, Asst. U.S. Atty., Chicago, Ill., for petitioner.

Craig Ehrlich, Michael A. Braun, Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner the Federal Savings and Loan Insurance Corporation ("FSLIC") seeks an order enforcing an investigative subpoena duces tecum against Bass Financial Corporation ("Bass").[1] This Court granted FSLIC's motion for entry of an order to show cause on October 6, 1982, against Bass. After carefully considering Bass' response and surreply to the order to show cause, as well as FSLIC's reply, we grant FSLIC's petition to enforce its subpoena.

The FSLIC, a corporate agency of the United States, insures the accounts of qualifying savings and loan associations and examines these institutions to determine whether they are operating in accordance with applicable laws and regulations and in a sound manner. Unity Savings Association ("Unity"), located in Schaumburg, Illinois, is a wholly owned subsidiary of Bass. Unity's accounts were insured by FSLIC on February 20, 1982, when it took over Unity's assets as a receiver.[2] On August 17, 1982, the Federal Home Loan Bank Board, which operates FSLIC, issued a subpoena duces tecum seeking

> All of the books, papers, records, and documents of Bass Financial Corporation including, but not limited to, loan documents, contracts, correspondence, leases, memoranda, notations, cancelled checks, check registers, deposit tickets, bank statements, general ledgers, subsidiary ledgers, invoices and receipts, cash receipt and disbursement journals, budgets, tax returns, and all other business records of any kind or nature

as part of its decision to conduct a formal examination of the affairs of Unity pursuant to 12 U.S.C. § 1730(m)(1) and (2). Bass, however, has failed to produce the records and documents sought by FSLIC. Bass argues that FSLIC lacks the authority to issue examination subpoenas to institutions that were not insured on the date of the subpoena; Unity was insured by FSLIC only until February 20, 1982. Bass further asserts that the subpoena in the instant case violates the fourth amendment because the investigative purpose behind it cannot be ascertained and because it is overbroad.

In deciding FSLIC's authority to issue the subpoena, as well as Bass' fourth amendment claim, we observe initially that a court's role in proceedings to enforce administrative subpoenas is limited "because of the important governmental interest in the expeditious investigation of possible lawful activity." *F.T.C. v. Texaco, Inc.,* 180 U.S.App.D.C. 390, 555 F.2d 862, 872 (1977), *cert. denied,* 431 U.S. 974, 97 S.Ct. 2940, 53 L.Ed.2d 1072 (1977).

The Federal Home Loan Bank Board, which operates FSLIC, has plenary authority to charter, regulate and supervise federal savings and loan associations pursuant to the Home Owners' Loan Act of 1933, 12 U.S.C. §§ 1461–1468. *Guardian Federal Savings & Loan Assn. v. Federal Savings & Loan Insurance Corp.,* 589 F.2d 658, 661 (D.C.Cir.1978). Congress created FSLIC under Title IV of the National Housing Act, 12 U.S.C. §§ 1724–1730c. In 1966, Congress enacted the Financial Institutions Supervisory Act of 1966 "to strengthen the regulatory and supervisory authority of Federal agencies over insured banks and insured savings and loan associations," S.Rep. No. 1482, 89th Cong., 2d Sess. 1, *reprinted in* 1966, U.S.Code Cong. & Ad. News 3532. This statute establishes a comprehensive scheme for the regulation of insured banks and savings and loan associations by granting FSLIC the power to issue

1. Jurisdiction is asserted pursuant to 12 U.S.C. § 1730(m)(2), which provides that:

   the Corporation, or its designated representatives, shall have power ... to issue subpenas and subpenas duces tecum, and, for the enforcement thereof, to apply to the United States district court for the judicial district or the United States court in any territory in which the principal office of the institution or affiliate thereof is located, or in which the witness resides or carries on business. Such courts shall have jurisdiction and power to order and require compliance with any such subpena.

2. FSLIC subsequently transferred a majority of Unity's assets and liabilities to Talman Home Federal Savings and Loan Association.

cease-and-desist orders against institutions which are violating statutes, rules, regulations or engaging in unsound practices, as well as the right to suspend or remove officers or directors of such institutions. 12 U.S.C. § 1730. In connection with its regulatory powers, section 407(m)(1) of the Act confers authority on FSLIC to examine federally-insured savings and loan associations and their affiliates "as shall be necessary to disclose fully the relations between such institutions and their affiliates and the effect of such relations upon such institutions." 12 U.S.C. § 1730(m)(1). Section 407(m)(2) authorizes FSLIC, in connection with such examinations, to take testimony under oath and to issue subpoenas.[3]

■ The legislative history of this statute reveals an intention "to strengthen and make more immediately effective the supervisory and regulatory authority of, among other agencies, the Federal Home Loan Bank Board over all savings and loan associations under its jurisdiction." *Hearings Before a Subcommittee of the Senate Committee on Banking and Currency on S. 3158*, 89th Cong., 2d Sess. 8 (1966) (Statement of Mr. Horne, Chairman of the Federal Home Loan Bank Board). As Senator McClellan declared, "additional powers are needed to get effective results, when banks and financial institutions, it is discovered they are being operated improperly." *Senate Hearings, id.* at 3. Courts have broadly construed the subpoena powers of the Act, for example, by holding that FSLIC may subpoena books and records from borrowers of, and other persons doing business with, insured institutions. *Federal Savings & Loan Insurance Corp. v. First National Development Corp.*, 497 F.Supp. 724, 731 (S.D. Tex.1980). Unity was an insured institution prior to the date FSLIC was appointed as receiver on February 20, 1982; and we therefore decline to hold that FSLIC lacks the authority to subpoena Bass. Nothing in the Financial Institutions Supervisory Act of 1966 supports Bass' argument that because Unity was not insured as of the date of the subpoena, August 17, 1982, FSLIC lacks the authority to issue the subpoena to Unity or an affiliate of Unity. Such a reading of the statute would undermine the intentions of its drafters.

■ Turning to Bass' other objections to the subpoena, we begin by noting that courts will enforce an administrative investigation "if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 369, 94 L.Ed. 401 (1950); *E.E.O.C. v. Bay Shipbuilding Corp.*, 668 F.2d 304, 310 (7th Cir.1981). More specifically, to obtain enforcement of a subpoena, an agency must:

> show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commission's possession, and that the administrative steps required by the Code have been followed.

*United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964); *Marshall v. Amalgamated Insurance Agency Services*, 523 F.Supp. 231, 233 (N.D.Ill. 1981). Subpoenas which in the past were considered parts of "fishing expeditions" are often permitted under contemporary standards, *E.E.O.C. v. University of New Mexico*, 504 F.2d 1296, 1303 (10th Cir.1974). Moreover, in considering relevancy, adequacy or excess in breadth of a subpoena, we must keep in mind that such matters vary depending upon the nature, purposes and scope of the administrative inquiry. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 209, 66 S.Ct. 494, 506, 90 L.Ed. 614 (1946). The burden of showing that a subpoena is unreasonable rests with the respondent, *F.T.C. v. Rockefeller*, 591 F.2d 182, 190 (2d Cir.1979). In the instant case, we do not agree that the subpoena is overbroad or violative of the fourth amendment. We have previously determined that since FSLIC lacks the information sought by the subpoena and is conducting its investigation

---

**3.** *See* note 1, *supra.*

pursuant to a legitimate purpose, the inquiry into Bass' relationship with Unity is within the authority of FSLIC. The subpoena is not "too indefinite," and the information sought, while broad, is reasonably relevant to the investigation of Bass' relationship to Unity.

Accordingly, FSLIC's petition to enforce its subpoena duces tecum is granted. It is so ordered.