**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Petitioner–Appellee,

v.

KELLY ROE, as a Member of Roe
Ecological Services, LLC, a/k/a
Wildlife Property Management, LLC;
CHRISTOPHER ROE, as a Member of
Roe Ecological Services, LLC, a/k/a
Wildlife Property Management LLC,

Respondents–Appellants.

No. 10-1419
(D.C. No. 1:10-CV-01049-PAB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Kelly and Christopher Roe appeal from a district court order enforcing IRS

summonses they were issued as members of Roe Ecological Services, LLC

("RES"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

To obtain judicial enforcement of an IRS summons, the government must show:

> (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry will be relevant to that purpose; (3) that the information sought is not already in the possession of the IRS; and (4) that the summons was issued in compliance with the administrative steps required by the Internal Revenue Code.

Anaya v. United States, 815 F.2d 1373, 1377 (10th Cir. 1987) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)).

In this case, the government met its burden of showing the investigation was being conducted pursuant to a legitimate purpose by submitting the affidavit of the agent who issued the summonses.[1]  See Codner v. United States, 17 F.3d 1331, 1332 (10th Cir. 1994).  According to the agent's testimony, the summonses were issued to aid "the determination of the taxable income of [RES] for the calendar years ending December 31, 2002[,] through December 31, 2008."  The agent further explained "[RES] is a pass-through entity, and the members of [RES] (respondents Kelly Roe and Christopher Roe) will be taxed on [its] taxable income."  This stated purpose facially falls within the IRS' authority "[t]o examine any books, papers, records, or other data which may be relevant" to

---

[1]     The Roes make no argument regarding the other Powell factors.

"determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a). The government therefore met its prima facie burden under Powell.

## II

Once the government met its "slight" burden, see Anaya, 815 F.2d at 1377, the Roes bore the"heavy burden of refuting the Government's prima facie Powell showing or of factually supporting a proper affirmative defense." United States v. Balanced Fin. Mgmt., Inc., 769 F.2d 1440, 1449 (10th Cir. 1985).

## A

The Roes disputed the district court's application of the first Powell factor, contending the summonses were improper because: (1) RES was a "disregarded entity" under applicable statutory and regulatory provisions, and thus not the proper object of a summons; and (2) RES was not in any event subject to income tax and, thus, the summonses could not have been for the purpose of investigating its taxable income. They repeat these arguments on appeal. We review the district court's decision to enforce the summonses for clear error. United States v. Coopers & Lybrand, 550 F.2d 615, 620 (10th Cir. 1977); Hopkins v. IRS, 318 F. App'x 703, 705 (10th Cir. 2009) (unpublished).

RES is a limited liability company ("LLC"), so the number of members it has determines, in part, its tax status. An LLC having two or more members is taxed either as a corporation or a partnership; an LLC with only one member is either taxed as a corporation or disregarded as a separate entity. See 26 C.F.R.

-3-

§ 301.7701-2(a), (c).  In the absence of an express election, a multi-member LLC is deemed a partnership and a one-member LLC is disregarded.  See id. § 301.7701-3(b).  The Roes argue that they did not elect corporate status for RES, so RES is a disregarded entity, is therefore not subject to separate taxation, and consequently is not vulnerable to IRS summonses.  This argument is a non-starter because RES has more than one member, so by default is treated as a partnership. Although the Roes seek to avoid this obvious conclusion by arguing that, as a married couple, they must be treated as a single member, they do not point us to any statutory, regulatory, or case law authority supporting their novel interpretation of partnership law.  The best they can do is cite the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), 26 U.S.C. §§ 6221-6233, which subjects large partnerships to special audit procedures, see Katz v. Commissioner, 335 F.3d 1121, 1123-24 (10th Cir. 2003), but exempts partnerships "having 10 or fewer partners."  26 U.S.C. § 6231(a)(1)(B)(i).  For the purposes of TEFRA—and for those purposes alone—spouses are counted as one partner.  Id.  The Roes' view of § 6231, that it applies to all of partnership tax law, is wrong.  Congress' contrary intent is clear.  See § 6230(h) ("Nothing in [TEFRA] shall be construed as limiting the [summons] authority granted to the [IRS] under section 7602.").

The Roes' second argument under Powell is that, even if RES were a partnership, it was still improper for the IRS to issue summonses to inquire into its taxable income, because the Roes rather than RES would be liable for paying

-4-

the taxes on the partnership income. This argument is contrary to the plain wording of the statute governing IRS summonses and the case law applying it. See 26 U.S.C. § 7602(a) (the IRS may issue a summons "[f]or the purpose of . . . determining the liability of any person for any internal revenue tax" (emphasis added)); see also, e.g., United States v. Alderson, 646 F.2d 421, 422 (9th Cir. 1981) (IRS permissibly obtained partnership records in order to determine the tax liability of partners); United States v. Allshouse, 622 F.2d 53, 55 (3d Cir. 1980) (same); United States v. Greenleaf, 546 F.2d 123, 125, 128-29 (5th Cir. 1977) (same).[2]

**B**

In their attempt at a "proper affirmative defense," see Balanced Financial Management, 769 F.2d at 1449, the Roes claim the IRS summonses violated their Fourth and Fifth Amendment rights. Relying on Bellis v. United States, 417 U.S. 85 (1974), the district court held the Roes could not assert these personal rights to oppose summonses seeking materials from RES, a collective entity. We take the district court's view of the matter.

In Bellis, the Supreme Court explained that, because a partnership had a

---

[2] We note the Roes also argue the summonses improperly specified that they were issued "In the matter of" RES, when, the Roes contend, an IRS manual indicates they should have been issued "In the matter of" the Roes. This technical objection was not raised below and we decline to consider it. See Colo. Right to Life Comm. v. Coffman, 498 F.3d 1137, 1145 n.5 (10th Cir. 2007).

collective identity distinct from its partners, the partners could not object to a grand jury subpoena seeking partnership materials on Fifth Amendment grounds. Id. at 93-101. The collective-entity principle applies to IRS summonses. See, e.g., United States v. B & D Vending, Inc., 398 F.3d 728, 733-35 (6th Cir. 2004); Alderson, 646 F.2d at 422-23; Allshouse, 622 F.2d at 55; Greenleaf, 546 F.2d at 126-28. Much like the three-member partnership in Bellis, RES has been in existence for more than a decade, is organized under state law and thus imbued with special rights and powers, see generally Colo. Rev. Stat. §§ 7-80-101 to 7-80-1101, maintains accounts at a number of banks, and has its own letterhead, logo, website, and phone. It has an "established institutional identity independent of its individual partners." See Bellis, 417 U.S. at 95. RES therefore cannot avail itself of the Roes' individual Fourth and Fifth Amendment rights. Dicta in Bellis, upon which the Roes rely, speculates Bellis "might [have been] a different case if it involved a small family partnership." 417 U.S. at 101. But in the thirty-six years since Bellis was decided, the Supreme Court has done nothing to transform this hypothetical musing into a substantive limitation on the applicability of the collective-entity principle, and a number of circuits have expressly declined to do so without further direction from the Court. See, e.g., Alderson, 646 F.2d at 423; Allshouse, 622 F.2d at 56 (following United States v. Mahady & Mahady, 512 F.2d 521, 523-24 (3d Cir. 1975)); see also United States v. Harrison, 653 F.2d 359, 361 (8th Cir. 1981) (rejecting same argument in

-6-

connection with IRS summonses issued for records of small family trust).  We too decline to do so.[3]

## III

Finally, to the extent the Roes object that they may eventually be required to submit documents and testimony implicating their own Fifth Amendment rights, that has not yet happened.  In the event the Roes are asked to provide information to which they can validly assert concrete and particularized personal objections under the Fifth Amendment, they can object to the district court.  Until such events come to pass, however, any speculative arguments about potential constitutional violations are premature.  See generally United States v. Blackman, 72 F.3d 1418, 1426 (9th Cir. 1995).

## IV

The order of the district court enforcing the IRS summonses is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3]     The Roes also appear to argue TEFRA abrogated Bellis.  They fail to mention that the United States Supreme Court followed Bellis after TEFRA's enactment.  See Braswell v. United States, 487 U.S. 99, 102 (1988).